UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

JENNIFER N.,[1]

        **Plaintiff,**

v.                             CIVIL ACTION NO. 2:22cv391

KILOLO KIJAKAZI,
ACTING COMMISSIONER OF THE
SOCIAL SECURITY ADMINISTRATION,

        **Defendant.**

## FINAL ORDER

This matter comes before the court on Plaintiff's Objections to the Report and Recommendation ("R&R") of the Magistrate Judge, ECF No. 21, and Defendant's Response, ECF No. 22. For the reasons set forth below, the decision of the Acting Commissioner of the Social Security Administration is **AFFIRMED**, Defendant's Motion for Summary Judgment is **GRANTED**, and Plaintiff's Motion for Summary Judgment is **DENIED**.

### I. PROCEDURAL HISTORY

On September 16, 2022, Plaintiff filed a Complaint in this court appealing the Acting Commissioner of the Social Security

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials.

Administration's decision denying her application for Social Security Disability Insurance benefits ("DIB"). ECF No. 1 at 2. On December 13, 2022, the court referred the matter to United States Magistrate Judge Lawrence R. Leonard pursuant to 28 U.S.C. § 636(b)(1)(B), thereby designating him to "conduct hearings, including evidentiary hearings, if necessary, and to submit to [the undersigned district judge] proposed findings of fact, if applicable, and recommendations for the disposition of this matter. . . ." ECF No. 11.

In accordance with the Magistrate Judge's December 14, 2022, Order, ECF No. 12, and the Amended Scheduling Order, ECF No. 14, Plaintiff submitted her Motion for Summary Judgment, ECF No. 15, an accompanying Memorandum in Support, ECF No. 16, and a Notice of Waiver of Oral Argument, ECF No. 15-1, on January 17, 2023. On February 15, 2023, Defendant filed a cross Motion for Summary Judgment, ECF No. 17, and an accompanying Memorandum in Support, ECF No. 18, to which Plaintiff replied on February 28, 2023, ECF No. 19.

Pursuant to the court's Referral Order, see ECF No. 11, the Magistrate Judge filed an R&R recommending that Plaintiff's Motion for Summary Judgment be denied, and that Defendant's Motion for Summary Judgment be granted, thereby upholding the Administrative Law Judge's ("ALJ") ruling denying Plaintiff's claim for DIB, ECF No. 20 at 1-2, 28. The parties then had fourteen (14) days to file

written objections to the R&R. See ECF Nos. 11, 20 at 28. On July 25, 2023, Plaintiff filed her Objections, ECF No. 21, to which Defendant responded on August 4, 2023, ECF No. 22.

## II. DISCUSSION

In her appeal to the court, Plaintiff raises one primary challenge: that "[t]he ALJ's [residual functional capacity ("RFC")] determination [wa]s the product of legal error where [s]he failed to properly evaluate the opinion of treating physician, Ryan Van Gomple, M.D. [("Dr. Van Gomple")]." ECF No. 16 at 1. According to Plaintiff, the ALJ made "conclusory assertion[s]" when rejecting Dr. Van Gomple's opinion, failed to "effectively explain how [] objective medical evidence contradict[ed] other evidence of record," did "not properly address impairments, such as fatigue, that might otherwise be attributable to Plaintiff's fibromyalgia," and gave "[i]mproper consideration [to] Plaintiff's fibromyalgia, diabetes, fatigue and her subjective complaints." Id. at 10-15.

As an initial matter, the court notes that, pursuant to Federal Rule of Civil Procedure 72(b)(3), "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Id. (emphasis added). When a party simply "restates the same arguments it raised on summary judgment, de novo review is unnecessary since such restatements do not constitute an 'objection' for the purposes of

district court review." John R. v. Kijakazi, No. 2:22cv47, 2023 WL 2682358, at *1 (E.D. Va. Mar. 29, 2023) (Davis, J.) (internal citation and quotation marks omitted). "In situations where no proper objection is made, the district court need only review the [R&R] for clear error." Id. (citing Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005)).

At its core, Plaintiff's Objections are simply restatements of the same arguments raised in her Motion for Summary Judgment. Compare ECF No. 16 at 9-15, with ECF No. 21 at 1-4 (both pleadings arguing, for the same reasons, that the ALJ failed to properly evaluate Dr. Van Gomple's opinion and Plaintiff's subjective complaints). Therefore, the court only needs to review for clear error, of which this is none. See John R., 2023 WL 2682358, at *1.

However, even on de novo review, the court agrees with the Magistrate Judge's conclusion that the ALJ did not err in evaluating Dr. Van Gomple's opinion and Plaintiff's subjective complaints, and that the ALJ's findings were not "too conclusory to allow for meaningful review." See ECF No. 20 at 16-21 (discussing the ALJ's evaluation of Dr. Van Gomple's opinion), id. at 21-28 (discussing the ALJ's evaluation of Plaintiff's subjective complaints); Moore v. Astrue, No. 2:09cv549, 2010 WL 3394657, at *6 n.12 (E.D. Va. July 27, 2010) (Stillman, J.), report and recommendation adopted, No. 2:09cv549, 2010 WL 3394662 (E.D. Va. Aug. 23, 2010) (Smith, J.) (explaining that the ALJ's "decision

4

must demonstrate that there is sufficient development of the record and explanation of findings to permit meaningful review") (internal citation and quotation marks omitted).

As the Magistrate Judge detailed in the R&R, the record affirmatively demonstrates that the ALJ sufficiently explained her reasons for why she did not find Dr. Van Gomple's opinion to be persuasive, which includes the ALJ's evaluation of the supportability and consistency factors. See ECF No. 20 at 19-21 (citing, among other sources, R.[2] at 16-19 and highlighting "Dr. Van Gomple's failure to provide any specifics whatsoever in his medical source statement," the ALJ's "thorough[] review[] [of] Plaintiff's medical record, Plaintiff's subjective statements, and State agency determinations," and the ALJ's inclusion of "several inconsistencies" between Dr. Van Gomple's opinion and other record evidence). Thus, the record, as accurately and thoroughly detailed in the Magistrate Judge's R&R, demonstrates that Plaintiff's argument that the ALJ failed to properly evaluate Dr. Van Gomple's opinion is meritless.

Moreover, Plaintiff's specific criticism of the ALJ's (lack of) consideration of Plaintiff's subjective complaints is also unpersuasive. As the Magistrate Judge explained, the ALJ first "'careful[ly] consider[ed] [] the evidence,'" including

---

[2] "R." refers to the certified administrative record that was filed under seal on November 16, 2022. ECF No. 10.

Plaintiff's subjective complaints, and then concluded that "Plaintiff's 'statements concerning the intensity, persistence and limiting effects . . . [were] not entirely consistent with the medical evidence <u>and other evidence in the record</u>.'" <u>Id.</u> at 23-25 (quoting R. at 16) (emphasis added). Following its <u>de novo</u> review of the record, the court agrees with the Magistrate Judge's finding that "[t]he ALJ <u>clearly</u> enumerated all evidence, objective <u>and subjective</u>, taken into consideration when making her decision." <u>Id.</u> at 25 (emphasis added). The record before the court completely contradicts Plaintiff's assertion that the ALJ discredited her subjective complaints when determining Plaintiff's RFC. <u>Compare</u> <u>id.</u>, R. at 16-18, <u>with</u> ECF Nos. 16 at 13-15, 21 at 3-4. Therefore, consistent with the Magistrate Judge's conclusion, the court also finds that "the ALJ did not err in evaluating Plaintiff's subjective complaints and did not fail to create a logical bridge between the evidence to [her] conclusion and the RFC," because the record clearly demonstrates that the evidence, including evidence of Plaintiff's subjective complaints, was extensively reviewed and considered before a decision was rendered by the ALJ. ECF No. 20 at 27; <u>see</u> R. at 16-18.

Finally, the court also finds it necessary to underscore for Plaintiff the proper standard that applies to its review of a final decision by the Commissioner. As the Magistrate Judge explained, the court is "limited to determining whether the decision was

6

supported by substantial evidence in the record and whether the correct legal standard was applied in evaluating the evidence." ECF No. 20 at 15 (citing 42 U.S.C. § 505(g); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990)). "Substantial evidence requires more than a scintilla but less than a preponderance, and includes the kind of relevant evidence that a reasonable mind could accept as adequate to support a conclusion." Todd A. v. Kijakazi, No. 3:20cv594, 2021 WL 5348668, at *1 (E.D. Va. Nov. 16, 2021) (Novak, J.) (citing Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012), Craig v. Chater, 76 F.3d 589 (4th Cir. 1996)). Critically, "[a]n administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." Dunn v. Colvin, 607 F. App'x 264, 274 (4th Cir. 2015) (internal citation and quotation marks omitted). Because the court in this case finds an "accurate and logical bridge" between the evidence and the ALJ's conclusion, which is supported by substantial evidence and where the correct legal standard was applied, the court must affirm the Commissioner's final decision. Oakes v. Kijakazi, 70 F.4th 207, 212 (4th Cir. 2023) (stating the standard for upholding Commissioner final decisions).

### III. CONCLUSION

For the reasons stated above, having reviewed the record in its entirety, the court hereby **OVERRULES** Plaintiff's Objections to the R&R, ECF No. 21, and **ADOPTS AND APPROVES IN FULL** the findings

7

and recommendations set forth in the Magistrate Judge's extremely thorough and well-reasoned R&R, filed on July 11, 2023, ECF No. 20. Accordingly, Plaintiff's Motion for Summary Judgment is **DENIED**, ECF No. 15, and Defendant's Motion for Summary Judgment is **GRANTED**, ECF No. 17. The decision of the Acting Commissioner is **AFFIRMED**, and this matter is **DISMISSED WITH PREJUDICE**.

The Clerk is **DIRECTED** to enter judgment in favor of Defendant and close the case on this court's docket. The Clerk is further **DIRECTED** to send a copy of this Final Order to counsel for all parties.

**IT IS SO ORDERED.**

/s/ Rebecca Beach Smith
Senior United States District Judge

REBECCA BEACH SMITH
SENIOR UNITED STATES DISTRICT JUDGE

August 25, 2023